IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MAUREEN STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cv-4113 |
| UNITED STATES OF AMERICA, ) | |
| through the actions of its agents, ) | |
| MULUMEBET HAILESELASSIE, M.D., ) | |
| and COMMUNITY HEALTH CARE, INC., ) | |
| a Not-For-Profit Corporation, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is now before the Court on Defendant United States of America ("the Government")'s Motion for Partial Dismissal, ECF No. 5, and the Government's Motion to Dismiss, ECF No. 16. For the reasons stated herein, the Government's Motion for Partial Dismissal is GRANTED and the Court DENIES the Government's second Motion to Dismiss.

Plaintiff Maureen Stephens ("Stephens") asserts claims pursuant to the Federal Tort Claims Act ("FTCA") against the Government acting through its agents Dr. Mulumebet Haileselassie ("Dr. Haileselassie") and her employer Community Health Care, Inc. ("CHC"). Count I of the Complaint alleges that Stephens suffered severe and permanent injuries stemming from her July 14, 2009 hysterectomy as a result of Dr. Haileselassie's negligence. Count II alleges that CHC is liable for Dr. Haileselassie's negligent acts and omissions under the theory of *respondeat superior*.

I.      **The Government's Motion for Partial Dismissal**

The Government acknowledges that this action is properly brought pursuant to the FTCA. *See* Def.'s Mem. in Supp. Mot. Partial Dismissal 1, 6, ECF No. 6. With respect to Count I, the Government acknowledges that at all times alleged in the complaint Dr. Haileselassie was acting within the scope of her employment as a Public Health Service ("PHS") employee pursuant to 42 U.S.C. § 233. *See id*. at 4, 5. To that end, the Government argues that Dr. Haileselassie is immune from liability pursuant to the FTCA and should be dismissed. With respect to Count II, the Government certifies that CHC was deemed eligible for FTCA malpractice coverage during the time of the alleged incidents, *see id*. at 10–13, and argues it too should be dismissed. The Government also maintains that Count II should be dismissed under the doctrine of sovereign immunity and argues that the FTCA provides the exclusive remedy for plaintiffs bringing suit against the United States under a theory of agency.

Stephens concedes to the dismissal of Count II of her Complaint and acknowledges that Dr. Haileselassie and Community Health Care, Inc. are not defendants. *See* Pl.'s Resp. to Def.'s Mot. Partial Dismissal, ECF No. 9. However, Stephens asks the Court to take judicial notice of the Government's concessions that (1) at all times relevant to the Complaint Dr. Haileselassie was acting within the scope of her employment as a PHS employee pursuant to 42 U.S.C. § 233(g), and (2) Count I alleges a "valid" FTCA claim. *See* Pl.'s Mem. in Supp. Resp. to Def.'s Mot. Partial Dismissal 1, 2, ECF No. 10.

This Court may review *de novo* the Government's certification of Dr. Haileselassie and CHC as PHS employees. *Hamrick v. Franklin*, 931 F.2d 1209, 1210-11 (7th Cir. 1991). Once the Government has certified that an employee was acting within the scope of her employment the burden shifts from the Government to Stephens to show that the employee's conduct was not

within the scope of her employment. *See id*. at 1211. The Court accepts the Government's concession, relying upon its affidavit and notification representing that Dr. Haileselaisse and CHC were PHS employees pursuant to 42 U.S.C. § 233(g). *See* Def.'s Mem. in Supp. Mot. Partial Dismissal at 10–13. Notably, Stephens does not argue that Dr. Haileselaisse was not acting within the scope of her employment, or that she or CHC were not PHS employees. In light of Stephens's concessions, the Court grants the Government's Motion for Partial Dismissal. Accordingly, Defendants Dr. Haileselaisse and CHC are dismissed and Count II is hereby dismissed without prejudice.

## II. The Government's Second Motion to Dismiss

In its second Motion to Dismiss, the Government moves for dismissal should Stephens fail to file a timely affidavit and certificate of merit as required by 735 Ill. Comp. Stat. 5/2-622. *See* Def.'s Mot. Dismiss, ECF No. 16. In response, Stephens argues that the Government's motion was premature because she had until October 1, 2013, to provide the report. *See* Pl.'s Resp. to Def.'s Mot. Dismiss, ECF No. 17. On September 27, 2013, Stephens filed her designation of expert witness Dr. Martin Gubernick ("Dr. Gubernick") and "certif[ied] under 735 ILCS 5/2-622 that she reasonably beliefs [sic] through her undersigned counsel and her medical expert witness that there is reasonable and meritorious cause for the filing of the above captioned cause of action for medical negligence against the defendants' agent, Mulumebet Haileselassie, M.D." Pl.'s Designation of Expert Witness and Certificate of Merit 2, ECF No. 20.

FTCA claims are governed by the substantive law of the place where the alleged negligent acts or omissions occurred. *See* 28 U.S.C. § 1346(b). Under the Healing Art Malpractice Act ("the Act,") a plaintiff bringing a medical malpractice claim must attach a health professional's report to her complaint that certifies that the claim has merit. *See* 735 Ill. Comp.

3

Stat. 5/2-622. In relevant part, the Act requires a plaintiff to file an affidavit indicating that either she or her attorney consulted with a health professional

> who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that *the reviewing health professional has determined* in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

735 Ill. Comp. Stat. 5/2-622(a) (emphasis added). The failure to file a certificate required by the Act is grounds for dismissal. *Id*. at § 2-622(g). However, when a plaintiff fails to attach a certificate and report, "a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice." *Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000) (citing *Cammon v. West Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731 (Ill. App. Ct. 1998)). Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing that section 2-622 is a tool to reduce frivolous lawsuits by requiring minimum indicia of merit, not a likelihood of success. *Sherrod*, 223 F.3d 605 at 613. When a certificate is filed but fails in some technical or minor respect, sound discretion also requires an opportunity to amend. *Id*.

In interpreting section 2-622(g)'s temporal filing requirement, Illinois state courts have held that where a plaintiff failed to attach either an affidavit of merit to her complaint under subsection (a)(1) or an affidavit asserting the inability to comply pursuant to subsection (a)(2), the Court has discretion to allow the plaintiff to file a late affidavit. *See Abbey v. Ravingdranathan*, 513 N.E.2d 131, 133–34 (Ill. App. Ct. 1987) (rejecting a strict interpretation

4

of section 2-622 that would require dismissal due to a technical defect in pleading, and allowing a plaintiff to file a tardy certificate of merit in satisfaction of subsection (a)(2)); *see also Walter v. Hill*, 509 N.E.2d 804 (Ill. App. Ct. 1987) (concluding that the legislative intent behind requiring the contemporaneous filing of a certificate of merit with a medical malpractice complaint was to ensure meritoriousness of the pending suit, and that plaintiff's failure to append an affidavit to the complaint was an inadvertent omission as the affidavit existed at the time he filed his complaint).

The Court has reviewed the substance of Stephens's affidavit and certificate of merit and concludes that it satisfies section 2-622's purpose of deterring nonmeritorious litigation. Dr. Gubernick's report discussed Stephens's obstetrical history, her post-operative symptoms, and her course of treatment in some detail. The report concluded that the care Stephens received from Dr. Haileselassie and the other health professionals caring for her from July 14, 2009, until July 23, 2009, "was below standards of good and acceptable practice." Report of Dr. Gubernick 5, ECF No. 20-1 (noting that Stephens was not advised of her greater-than-average risk for post-operative wound infection, nor was she advised what lower-risk alternatives existed). The Court concludes that, on the facts of this case, Stephens's failure to attach the affidavit and certificate of merit at the time the complaint was originally filed was "merely a minor technical error." *Walter*, 509 N.E2d at 806. Accordingly, the Government's second Motion to Dismiss is denied.

## CONCLUSION

For the reasons stated herein, the Government's Motion for Partial Dismissal is GRANTED. As a result, Count II is dismissed without prejudice and Defendants Dr.

5

Haileselassie and CHC are terminated. The Clerk of Court is DIRECTED to amend the caption to reflect the same. The Court DENIES the Government's second Motion to Dismiss.

Entered this <u>10th</u> day of January, 2014.

                                                    s/ Sara Darrow
                                                    SARA DARROW
                                        UNITED STATES DISTRICT JUDGE