IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MAUREEN STEPHENS,　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　　Plaintiff,　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　vs.　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　)　Case No. 12-cv-4113 | |
| 　　　　　　　　　　　　　　　　) | |
| UNITED STATES OF AMERICA,　　　) | |
| through the actions of its agents,　　) | |
| MULUMEBET HAILESELASSIE, M.D.,　) | |
| and COMMUNITY HEALTH CARE, INC.,　) | |
| a Not-For-Profit Corporation,　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　　Defendants.　　　　) | |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. ′2677**

Whereas, Plaintiff, Maureen Stephens, (hereinafter referred to as

APlaintiff@) and Defendant UNITED STATES OF AMERICA have agreed to a

compromise settlement to avoid further litigation in this matter, it is hereby

stipulated by and between the undersigned Plaintiff and the UNITED STATES OF

AMERICA, (hereinafter collectively referred to as the AParties@) by and through

their respective attorneys, as follows:

1.  The Parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the administrative tort claims and this action, in which Plaintiff filed this instant action alleging that she received negligent medical care and treatment from Mulumbet Haileselassie M.D. who was employed at the Community Health Care, Inc. in Davenport, Iowa, during and following a hysterectomy operation in July of 2009 resulting in an infection known as necrotizing fasciitis in the lower abdomen.

2.  This Stipulation For Compromise Settlement And Release (ASettlement@) is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, the United States Health and Human Services, its agents, servants, or employees, Community Health Care, Inc. and Mulumbet Haileselassie, M.D. and it is specifically denied that they are liable to the Plaintiff. This Settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act.

3.  The United States agrees to pay, the cash sum of Three Hundred and Seventy Five Thousand Dollars and No Cents ($375,000) (ASettlement Amount@) which sum shall be in full settlement, and satisfaction, and release of

2

any and all claims, demands, rights, and causes of action of whatsoever kind and

nature, arising from, and by reason of any and all known and unknown, foreseen

and unforeseen bodily and personal injuries, damage to property and the

consequences thereof, resulting, and to result, from the subject matter of this

Settlement, including any claims for wrongful death, claims for interest on the

judgment, and claims for costs, expenses, and fees, for which Plaintiff or her

guardians, heirs, executors, administrators, or assigns, and each of them, now

have or may hereafter acquire against the United States of America, United

States Health and Human Services, its agents, servants, employees, Community

Health Care, Inc. and Mulumbet Haileselassie, M.D.

4.      Plaintiff and her guardians, heirs, executors, administrators or

assigns hereby agree to accept the sums set forth in this Stipulation for

Compromise Settlement in full settlement, and satisfaction, and release of any

and all claims, demands, rights, and causes of action of whatsoever kind and

nature, including claims for wrongful death, claims for interest on the judgment,

and claims for costs, expenses, and fees, arising from, and by reason of any and

all known and unknown, foreseen and unforeseen bodily and personal injuries,

damage to property and the consequences thereof which they may have or

hereafter acquire against the United States of America, United States Health and

Human Services, its agents, servants, employees, Community Health Care, Inc. and Dr. Mulumbet Haileselassie on account of the same subject matter that gave rise to the administrative tort claim and this action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

5.      It is also agreed, by and among the Parties, that the respective Parties will each bear their own costs, fees, and expenses and that any attorney=s fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

6.      It is also understood by and among the Parties that pursuant to Title 28, United States Code, Section 2678, attorney=s fees for services rendered in connection with this matter shall not exceed 25 per centum of the Settlement Amount of this compromise settlement.

7.      The persons signing this Settlement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Settlement.

8.      Upon receipt of this fully executed Settlement Agreement, the United States will make payment of the Settlement Amount of Three Hundred and Seventy Five Thousand Dollars and No Cents ($375,000) by Electronic Funds

Transfer ("EFT") to Maureen Stephens and her Attorney Stephen Fieweger in accordance with current EFT procedures to the Client Trust Account of Katz, Huntoon and Fieweger, P.C. at the Quad City Bank and Trust in Moline, Illinois.

9.      The Parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. ' 552a(b).

10.      It is contemplated that this Settlement may be executed with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

For the Defendant:

Executed this  20th  day of  February    , 2014.

JAMES A. LEWIS
United States Attorney for the Central District of Illinois
Attorney for Defendant
United States of America


By: s/Gerard A. Brost
      Gerard A. Brost
      Assistant United States Attorney

For the Plaintiff:

Executed this ___19th___ day of ___February___, 2014.

s/Maureen Stephens

Maureen Stephens
Plaintiff

Executed this ___19th___ day of ___February___, 2014.

s/Stephen Fieweger

Stephen T. Fieweger
Attorney for Plaintiff